# UNITED STATES DISTRICT COURT

_____WESTERN_____ District of _____ARKANSAS_____

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| V. | (For **Revocation** of Probation or Supervised Release) |

| | |
|---|---|
| | Case Number: 5:09CR50111-002 |
| CARISSA L. SHIPP | 5:10CR50001-001 |
| | USM Number: 09162-010 |
| | Jack Schisler |
| | Defendant's Attorney |

**THE DEFENDANT:**

X  admitted to violation of condition(s)   as shown on page 2.

☐  was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

**Violation Number**        **Nature of Violation**                                    **Violation Ended**

The defendant is sentenced as provided in pages 2 through __7__ of this judgment, with the court considering the sentencing guidelines as non-binding and advisory only.

☐  The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.: XXX-XX-5717

Defendant's Date of Birth: XX/XX/1987

November 15, 2013
Date of Imposition of Judgment

Signature of Judge

Defendant's Residence Address:

XXXXXXXXXXXXXXXXX

Springdale, AR 72764

Honorable Jimm Larry Hendren, United States District Judge
Name and Title of Judge

_November 18, 2013_
Date

Defendant's Mailing Address:

XXXXXXXXXXXXXXXXX

Springdale, AR 72764

DEFENDANT: SHIPP, Carissa L.
CASE NUMBER: 5:09CR50111-002; 5:10CR50001-001

## ADDITIONAL VIOLATIONS
### ALLEGATIONS ADMITTED BY THE DEFENDANT
#### July 31, 2013 Petition

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| One | Standard Condition 7: Defendant tested positive for methamphetamine on April 9 and 15, 2013; and failed to report for drug testing on June 19, 2013 and July 22, 2013. **Taken under advisement on 8/29/2013. Admitted on 11/15/2013.** | 07/22/2013 |
| Two | Standard Condition 6: Defendant moved from her place of residence without advising the probation officer on or about July 17, 2013. **Taken under advisement on 8/29/2013. Admitted on 11/15/2013.** | 07/17/2013 |
| Three | Monetary Penalties: Defendant failed to pay restitution in April, May, June, and July 2013. **Taken under advisement on 8/29/2013. Admitted on 11/15/2013.** | 07/05/2013 |
| Four | Standard Condition 5: Defendant failed to work regularly at a lawful occupation since June 2013. **Taken under advisement on 8/29/2013. Admitted on 11/15/2013.** | 07/31/2013 |

#### October 30, 2013 Petition

| Violation Number | Nature of Violation | Violation Concluded |
|---|---|---|
| One | Standard Condition 7: Defendant failed to comply with drug testing in that she tested positive for and admitted to the use of methamphetamine on October 18, 201 2013; she failed to report as directed for a drug test on October 28, 2013; and she admitted to the use of methamphetamine on October 29, 2013. **Admitted on 11/15/2013.** | 10/30/2013 |
| Two | Standard Condition 6: Defendant reported to the probation officer she had not stayed consistently at her listed place of residence and had failed to notify the probation officer of the same. **Admitted on 11/15/2013.** | 10/30/2013 |

Judgment — Page 3 of 7

DEFENDANT: CARISSA L. SHIPP
CASE NUMBER: 5:09CR50111-002 and 5:10CR50001-001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of : **6 months** on each of the two cases to run concurrently

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

a _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT:      CARISSA L. SHIPP
CASE NUMBER:    5:09CR50111-002 and 5:10CR50001-001

# SUPERVISED RELEASE

Defendant is placed on supervised release for a term of: **1 year** on each of the two cases to run concurrently which term shall commence immediately upon her release from imprisonment, and which shall be served under the following conditions:

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the to which the defendant is released.

1. The defendant shall not commit another federal, state or local crime; the defendant shall be prohibited from possessing any firearm or other dangerous device; and the defendant shall not use, possess, use or have anything at all to do with any controlled substance.

2. The defendant shall comply with the mandatory drug testing provisions of 18 U.S.C. § 3583(d).

3. The defendant shall comply with the DNA collection provisions of 18 U.S.C. § 3583(d).

4. If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

5. The defendant shall comply with the Standard Conditions of Supervised Release as recommended by the United States Sentencing Commission and as set out below on this page of the judgment, as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) the defendant shall — as directed by the probation officer — notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CARISSA L. SHIPP
CASE NUMBER: 5:09CR50111-002 and 5:10CR50001-001

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to inpatient or outpatient substance abuse testing, evaluation, counseling and/or treatment as deemed necessary and directed by the U.S. Probation Officer.

2. The defendant shall submit her person, residence, place of employment and vehicle to a search conducted by the U.S. Probation Officer at a reasonable time and in a reasonable manner based upon reasonable suspicion of evidence of a violation of any condition of supervised release might be thereby disclosed.

3. The defendant shall not incur any new debt or establish any bank or credit accounts unless receiving prior approval from the U.S. Probation Office, and will make any information concerning her financial status available to the probation officer upon request. This condition shall remain in effect until such time the financial penalties have been paid in full.

DEFENDANT:
CASE NUMBER:

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments set forth on Sheet 6.

|        | **Assessment** | **Fine**      | **Restitution** |
|--------|----------------|---------------|-----------------|
| TOTALS | $ - 0 -        | $ 2,500.00*   | $ 3,291.14*     |

*The remaining balance of the fine and restitution originally ordered.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

| TOTALS | $ | $ |
|--------|---|---|

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution or a fine more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

X   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    X   the interest requirement is waived for the    X  fine    ☐ restitution.

    ☐   the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:     CARISSA L. SHIPP
CASE NUMBER:   5:09CR50111-002 and 5:10CR50001-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

**A**  **X**  Lump sum payment of $ __5,791.14__ due immediately, balance due

  ☐ not later than _____ , or
  X in accordance with  ☐ C,  ☐ D,  ☐ E, or  X  F below); or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay.

**F**  **X**  Special instructions regarding the payment of criminal monetary penalties:

The defendant shall pay the remaining fine and restitution of $5,791.14, with no interest to be accrued. If not paid immediately, any unpaid financial penalty imposed shall be paid during the period of imprisonment at a rate of $25.00 quarterly or 10% of the defendant's quarterly earnings, whichever is greater. The payment of any remaining balance shall be paid during the period of supervised release in monthly installments of $100 or 10% of the defendant's net monthly household income, whichever is greater, with the entire balance to be paid in full no later than one month prior to the end of supervised release.

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes imprisonment, payment of criminal monetary penalties is be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.